**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESUS SANTIAGO, JR.,**

**Plaintiff,**

**v.** **Case No. 8:26-mc-23-WFJ-AAS**

**NENO RESEARCH LLC,**

**Defendant.**
**________________________________________/**

# ORDER

Defendant Neno Research LLC (Neno) moves to enforce a document subpoena served on Respondent Thomas Jaeb. (Docs. 1, 2). Mr. Jaeb responded in opposition. (Doc. 15). Neno filed a reply to Mr. Jaeb's response. (Doc. 18).

## I. Background

Neno brought its Motion to Enforce Document Subpoena in the District of Minnesota. The District of Minnesota transferred Neno's motion to the Middle District of Florida pursuant to Federal Rule of Civil Procedure 45(f). (Doc. 21).

Neno's subpoena duces tecum served on Thomas Jaeb relates to Mr. Jaeb's expert opinions in *Jesus Santiago, Jr. v. Neno Research LLC*, Case No. 8:24-CV-013330-WFJ-AAS (M.D. Fla.). (the Santiago Action). In the Santiago Action, Mr. Jaeb is the sole expert witness retained by Plaintiff Santiago. Mr.

Santiago alleges Neno "violated 15 U.S.C. § 1681e(b) by failing to establish or to 'follow reasonable procedures to assure maximum possible accuracy' in preparation of the employment report it sold about Plaintiff as well as the information it published within the same." (Santiago Action Doc. 1, p. 22).

The parties continue to litigate expert discovery as it relates to Mr. Jaeb. In the Santiago Action, Neno moved to compel responses to nine interrogatories related to Mr. Jaeb and expert discovery. (Santiago Action, Doc. 91). The undersigned granted the motion to compel as to all nine interrogatories. (Santiago Action, Doc. 104). The defendant's objection to the order remains pending. (the Santiago Action, Doc. 117).

Now, Neno moves to enforce the subpoena and require Mr. Jaeb to produce documents "that bear directly on his opinions in this case . . . ." (Doc. 2, p. 1). "The subpoena commanded Jaeb to produce documents and electronically stored information . . . responsive to 34 detailed categories of requests." (*Id.* at p. 8).

## II. Legal Standard

Federal Rule of Civil procedure 45 governs subpoenas and permits a party to move for an order compelling production from a nonparty. Fed. R. Civ. P. 45; *Darnell v. Rivera*, No. 615CV999ORL37TBS, 2016 WL 4183386, at *1 (M.D. Fla. Aug. 8, 2016). "Discovery sought through a Rule 45 subpoena is

subject to the same scope of permissible discovery as under Federal Rule of Civil Procedure 26." *State Farm Mut. Auto. Ins. Co. v. Segal*, No. 8:23-MC-24-KKM-JSS, 2023 WL 6809649, at *1 (M.D. Fla. Oct. 16, 2023).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery. It states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). "The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome." *Gov't Employees Ins. Co. v. Merced*, No. 8:20-CV-802-KKM-AAS, 2021 WL 1405488, at *1 (M.D. Fla. Apr. 14, 2021).

**III. Analysis**

In support of the motion to enforce the subpoena, Neno argues: (1) Mr. Jaeb's objections in response to the subpoena lack merit because they are

almost entirely boilerplate; (2) Mr. Jaeb must produce all documents he relied upon in preparing his report and establishing his opinions (Requests Nos. 1−3, 8, 9); and (3) Mr. Jaeb must produce documents that "undoubtedly" exist and are within Mr. Jaeb's possession, custody, or control (Requests Nos. 4, 7, 10, 11, 12, 13−34). (Doc. 2).

In opposition to the motion, Mr. Jaeb argues "virtually every single one of Neno's Request for Product seeks documents that are not within [Mr. Jaeb's] possession." (Doc. 15, p. 4). Further, Mr. Jaeb argues the Requests seek documents that Mr. Jaeb did not consider in forming his opinion (Requests Nos. 4, 7, 11−18, 19, 20, 34, 21−33) and other Requests are overly broad, unduly burdensome, and vague (Requests Nos. 1, 2, 3, 5, 8, 9).

**A. The Scope of Expert Discovery**

As a threshold matter, the court must adjudicate the parties dispute over the permissible scope of expert discovery through a Rule 45 subpoena. Mr. Jaeb argues "information sought from an expert via subpoena must be limited to 'the facts or data considered by the witness in forming' the expert's opinion[]" and that "[e]xpert discovery does not contemplate that documents never considered by the expert in forming their opinion are discoverable via subpoena." (Doc. 15, p. 5). Neno argues the broader relevance standard of Rule 26(b)(1) governs the scope of discovery and a non-party can be compelled to

produce evidence regarding any matter relevant to the claim or defense. (Doc. 18, pp. 2–3).

"[I]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Commissariat A L'Energie Atomique v. Samsung Elecs. Co., Ltd.*, No. 8:06MC44T30TBM, 2006 WL 5003562, at *2 (M.D. Fla. June 14, 2006). "Rule 26(a)(2)(B) represents the minimum amount of information and materials a testifying expert witness must disclose to the opposing party. Consequently, Rule 26(a)(2)(B) does not prohibit a party from obtaining information . . . through use of other discovery methods, such as subpoena." *Cadle v. GEICO Gen. Ins. Co.*, No. 613CV1591ORL31GJK, 2014 WL 12639859, at *4 (M.D. Fla. Aug. 29, 2014). Accordingly, a subpoena is an appropriate method to obtain relevant and proportional materials from a testifying expert witness. *Id.* ("the Court finds that a subpoena is an appropriate means of obtaining relevant and discoverable information and materials from a testifying expert witness").

**B. Document Requests**

**i. Request No. 1**

Request No. 1 asks for "All Documents that You reviewed, received, generated, relied upon, or considered in forming any opinion in this case." (Doc. 3-5, p. 1).

Mr. Jaeb objects to this Request as overbroad and unduly burdensome. (Docs. 3-5, p. 2). Mr. Jaeb admits documents "considered" are within the scope of discovery, but argues the terms "reviewed, received, generated, [or] relied upon" go beyond documents Mr. Jaeb "considered." (Doc. 15, p. 10). He also argues the same terms make the request impermissibly vague.

The Request is not overbroad. "When an expert serves as a testifying witness, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires disclosure of material considered, reviewed, or generated by the expert in forming the opinion, irrespective of whether the materials were actually relied upon by the expert." *Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 6729362, at *11 (S.D. Fla. Nov. 16, 2020) (citation omitted). In addition, the Request is not vague. Neno's request is within scope of Rule 26(a)(2)(B) and requests documents that should be produced under Rule 26(a)(2)(B). *See Jackson v. Geometrica, Inc.*, No. 3:04CV640J20HTS, 2006 WL 213860, at *2 (M.D. Fla. Jan. 27, 2006) (determining materials "prepared, relied upon or referred to by an expert" should be produced to the extent the party is able to provide responsive documents).

Accordingly, the motion to enforce the document subpoena is **GRANTED** as to Request No. 1 to the extent Mr. Jaeb must produce responsive documents to the extent additional documents exist that have not

been produced.

**ii. Request No. 2**

Request No. 2 asks for "All documents identified by Bates number in Your report, including but not limited to NENO008-15 (specifically NENO010 and NENO014), TURN001 and TURN002-006, and SANTIAGO000011-000021." (Doc. 3-5, p. 3).

Mr. Jaeb objects to this request as unduly burdensome and on grounds that the requested documents are already in Neno's possession. (*Id.*). After asserting his objections, Mr. Jaeb states he "attach[ed] the requested documents already in Defendant's possession." (Doc. 3-5, p. 3). Mr. Jaeb explains the requested documents are already identified by Bates number and Neno already has access to those very documents. (Doc. 15, p. 11). Neno argues "[a]sserting that the requesting party already possesses the documents at issue does not relieve an expert of the independent obligation to disclose the facts and data considered in forming opinions." (Doc. 2, p. 22).

The Request is relevant and proportional. Upon review, Mr. Jaeb did not meet his burden to show the Request is unduly burdensome. Indeed, the response indicates Mr. Jaeb produced the requested documents, subject to and without waiving objections. Further, the request is narrowly tailored to documents identified by Bates number in Mr. Jaeb's report. Accordingly, the

motion to enforce the document subpoena is **GRANTED** as to Request No. 2 and Mr. Jaeb must produce the documents identified by Bates number in his report to the extent he has not already produced them.

**iii. Request No. 3**

Request No. 3 asks for "All Documents You created or maintained Related to Your opinions, limited to facts, data, assumptions You considered." (Doc. 3-5, p. 3). Mr. Jaeb objects to the request as overly broad and unduly burdensome. (*Id.*). Subject to the objections, Mr. Jaeb states his opinions "are based on 33 years of experience in the industry as well as the documents produced in response to this subpoena or identified in the Expert report." (Doc. 3-5, p. 4). Mr. Jaeb argues "he has produced and identified all documents responsive to Request No. 3 in the Expert Report." (Doc. 15, p. 12).

The Request is appropriately limited to facts, data, and assumptions Mr. Jaeb considered in forming his opinion. Neno is entitled to discover such information under Rule 26(a)(2)(B), which requires disclosure of "facts or data considered by the witness in forming his opinion." Accordingly, the motion to enforce the subpoena is **GRANTED** as to Request No. 3. Mr. Jaeb must produce all responsive documents to this request to the extent he has not already done so.

**iv. Request No. 4**

Request No. 4 asks for "All Documents Relating to any tests, searches, or queries You performed (including any Connecticut State Police searches), with associated dates, parameters and results." (Doc. 3-5, p. 4). Mr. Jaeb objects to the request as overbroad, unduly burdensome, and irrelevant to the present litigation. (*Id.*). Subject to and without waiving his foregoing objections, Mr. Jaeb states, "No such documents exist. Mr. Jaeb is an individual and does not have any such agreements." (*Id.*).

Neno argues the documents exist because Mr. Jaeb "testified that J2 sent 'probably 30 or 40' test cases to Westlaw Court Express during the vetting process." (Doc. 2, p. 23). Neno also argues the documents are relevant to Mr. Jaeb's qualifications as an expert on industry practices for vetting criminal records vendors. (*Id.*). Mr. Jaeb argues the J2 test cases are wholly unrelated to this case and explains he "did not in any way consider those documents; and no documents pertaining to the issues in this case were created or considered." (Doc. 15, p. 7).

Mr. Jaeb did not review the requested material in forming his opinion in this case and he did not run any tests, searches, or queries related to Mr. Santiago. J2's process of sending test cases to vendors is not relevant to the instant case. Further, the court cannot compel Mr. Jaeb to produce documents the do not exist. Accordingly, the motion to enforce the subpoena is **DENIED**

as to Request No. 4.

#### v. Requests Nos. 5 and 6

Request No. 5 asks for "All engagement letters, statements of work, fee schedules, invoices, time records, and payments Relating to Your retention in this matter." (Doc. 3-5, p. 5). Request No. 6 asks for "Your current curriculum vitae and complete list of cases in which You have testified as an expert at trial or by deposition in the past four years.". (*Id.*).

Federal Rule of Civil Procedure 26(a)(2)(B) governs disclosures required for retained experts. The Rule requires disclosure of "a list of all other cases in which, during the previous 4 years, the witness testified as an expert by trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(v), (vii).

Mr. Jaeb's response states "he has produced, or will confirm by supplementation, the compensation required by Rule 26." (Doc. 15, p. 12). Accordingly, the motion to enforce the subpoena is **GRANTED in part and DENIED in part** as to Request Nos. 5 and 6. In accordance with Rule 26, Mr. Jaeb, if he has not done so already, must disclose his curriculum vitae and a list of all other cases in which, during the previous 4 years, he testified as an expert by trial or by deposition, and a statement of the compensation to be paid for the study and testimony in the case. The Requests are otherwise **DENIED**.

**vi. Request No. 7**

Request No 7 asks for "All trial or deposition transcripts from other cases in which You have testified, together with any expert reports You issued in those cases." (Doc. 3-5, p. 5). Mr. Jaeb objects to this request as overbroad, unduly burdensome, and irrelevant to the present litigation. Subject to and without waiving his foregoing objections Mr. Jaeb states he "does not have any such transcripts in his custody, possession or control." (*Id.* at pp. 5–6).

The request is relevant and proportional because Mr. Jaeb testified as an expert on similar issues. The request is also not unduly burdensome or overbroad. Indeed, Mr. Jaeb acknowledged he served as an expert witness in only three prior cases, and Neno uncovered, from a publicly available docket, one transcript that "bears directly on the opinions Jaeb has offered in this case." (Doc 15, p. 29). Mr. Jaeb's objection that he does not possess any such transcripts is overruled because he has the legal right to obtain the requested documents upon demand. *See Wiand v. Wells Fargo Bank*, *N.A.*, No. 8:12-CV-557-T-27EAJ, 2013 WL 12156100, at *1 (M.D. Fla. Dec. 13, 2013) ("For purposes of production, control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.") (internal quotation and citation omitted). Accordingly, the motion to enforce the subpoena is **GRANTED** as to Request No. 7 to the extent Mr. Jaeb must

produce the relevant material where he testified as an expert on similar issues.

**vii. Request No. 8**

Request No. 8 asks for "All Communications Relating to facts, data, or assumptions provided to You[] by counsel, parties, or third parties, limited to such facts, data, or assumptions that You considered or relied upon." (Doc. 3-5, p. 6). Mr. Jaeb objects to the Request as overbroad and unduly burdensome. (Id.). "Subject to and without waiving the foregoing [objections], Mr. Jaeb states: no such documents exist." (*Id.*).

The Request is relevant and proportional because Neno is entitled to discover, and Mr. Jaeb is obligated to disclose, the facts, data, and assumptions he considered in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B); *Jackson*, 2006 WL 213860 at *2. However, "[i]t is well established that the Court cannot compel production of documents that do not exist." *Martin v. Upper Captiva Fire Protection & Rescue Service District*, 2023 WL 11763994, at *1 (M.D. Fla., 2023). Accordingly, the motion to enforce the subpoena is **DENIED** as to Request No. 8 because the court cannot compel Mr. Jaeb to produce documents that he says do not exist.

**viii. Request No. 9**

Request No. 9 asks for "All written responses, objections, or prior subpoena responses You have provided Relating to Vendor relationships,

materials considered, or the scope of Your opinions, including any "Written Response to the Subpoena" and any attached exhibits." (Doc. 3-5, pp. 6–7).

Mr. Jaeb objects the Request as "overbroad, unduly burdensome, and irrelevant to the present litigation and therefore not proportional to the needs of this case." (Doc. 3-5, p. 7). Mr. Jaeb argues the Request seeks documents that "have absolutely no bearing on the substance of this dispute." (Doc. 15, p. 13). He also argues the term "Vendor relationships" is vague and overly broad because "virtually every aspect of the background report process is in some measure related to relationships with vendors." (*Id.* at 13–14).

Upon review the request is overbroad and irrelevant to this case. The Request is facially overbroad because it seeks all Mr. Jaeb's written responses relating to vendor relationships without any appropriate limitations. Accordingly, the motion to enforce the subpoena is **DENIED** as to Request No. 9.

**ix. Requests Nos. 10–34**

In Mr. Jaeb's objections to Requests Nos. 10–34, he objects on grounds that no responsive documents exist and that he is an individual who does not have possession, custody, or control of any of the requested materials. *See* (Doc. 3-5).

First, "[i]t is well established that the Court cannot compel production of

documents that do not exist." *Martin*, 2023 WL 11763994, at *1. Second, the J2 business records are not relevant to the instant case because Mr. Jaeb did not consider the records to form his opinion. *See* (Doc. 15, p. 5) ("[Mr. Jaeb] . . . has at no point considered any documents in J2's possession when formulating his opinions in this case."). Mr. Jaeb's basis for his expertise is relevant to his reliability and qualifications as an expert and the parties may discovery this information through deposing Mr. Jaeb.

Upon review, Requests Nos. 10–34 are not relevant to the issues in this case. Generally, the Requests ask Mr. Jaeb to produce historical background search tests (Request No. 15), communications Mr. Jaeb had with or about Vendors (Request Nos. 10, 29. 32, 33), and J2 business records, policies, and practices (Request Nos. 11–14, 16–28, 30, 31, 34). Although relevant to Mr. Jaeb's own qualifications, the entirety of Mr. Jaeb's interactions with vendors and industry experiences, including through J2, are not relevant and proportional to the instant dispute between Mr. Santiago and Neno. Accordingly, the motion to enforce the subpoena is **DENIED** as to Requests 10–34.

## IV. Conclusion

Accordingly, Neno's motion to enforce the document subpoena (Doc. 1) is **GRANTED in part and DENIED in part**. Each party shall bear their own

costs and fees for bringing and responding to this motion.

**ORDERED** in Tampa, Florida, on August 21, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge